IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, STATE OF FLORIDA
CIVIL DIVISION

VICTORIA MOFFITT,

    Plaintiff,

vs.

CASE NO.:
6:00-CV-306-ORL-19C

NATIONAIR INSURANCE
AGENCIES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, VICTORIA MOFFITT, through undersigned counsel, sues Defendant, NATIONAIR INSURANCE AGENCIES, INC. ("NationAir"), and alleges as follows.

1. Plaintiff is an adult female citizen of the United States, and a resident of Brevard County, Florida.

2. Defendant is a Missouri corporation, with its principal address at 18380 Edison Avenue, Chesterfield, MO 63005, which maintains a place of business in Brevard County at 1401 General Aviation Drive, Melbourne, Florida 32935.

3. The employment practices complained of herein occurred in Brevard County, Florida.

4. In December 1997 Plaintiff was interviewed and hired for the position of bookkeeper by Peter W. Torell, Branch Manager of NationAir.

1

Exhibit "A"

2

5. During the interview, Mr. Torell asked Plaintiff several questions about her personal life, relationships, and future plans. These inquiries included the following questions:

(a) did Plaintiff have any plans to get married; and

(b) did Plaintiff currently have any children or intend to have children anytime soon.

6. When Plaintiff was hired and during the time Plaintiff was employed by Defendant, Mr. Torell was Plaintiff's immediate supervisor.

7. At the time she was hired and throughout her employment, Plaintiff was qualified to perform the duties of the job for which she was hired.

8. Plaintiff began work for Defendant on December 8, 1997, receiving $8.00 per hour and job benefits which included medical insurance, paid for by NationAir, and five (5) days of sick leave per year.

9. Prior to December 1998, Plaintiff received three (3) performance evaluations, all of which were favorable.

10. On December 14, 1998, Plaintiff informed Mr. Torell that she was pregnant.

11. From approximately December 28, 1998 until January 11, 1999, Plaintiff was absent from work due to sickness related to Plaintiff's pregnancy. Doctor's notes were provided to Defendant detailing the reason for Plaintiff's absence.

12. Immediately upon Plaintiff's return from sick leave, Plaintiff was demoted to clerical assistant. Plaintiff's pay was not reduced, but she was denied a bonus that was paid to all other employees.

2

13. On February 15, 1999, Mr. Torell fired Plaintiff.

14. Defendant unlawfully discriminated against Plaintiff by demoting Plaintiff, failing to pay her a bonus, and subsequently firing Plaintiff due to her gender and her condition of pregnancy.

15. Plaintiff was replaced in her position by a non-pregnant employee.

16. To the best of Plaintiff's knowledge the prior bookkeeper who held the same position as Plaintiff was also fired while she was pregnant.

17. Defendant's treatment of Plaintiff was intentional, willful, and in bad faith. Defendant acted in conscious disregard of Plaintiff's rights and Defendant's statutory obligations.

18. All conditions precedent to the filing of this lawsuit have been fulfilled.

19. Plaintiff has retained Tom D. Waldron and the firm of Allen and Billington, P.A. as her counsel to bring this action, and has agreed to pay a reasonable fee for legal services rendered.

### COUNT I

### Violation of 42 U.S.C. §2000e-2

20. This count is a claim for damages exceeding $15,000.00 against Defendant, arising out of a violation of 42 U.S.C. §2000e-2.

21. Plaintiff realleges and incorporates herein Paragraphs 1 through 19 of this Complaint.

22. At all material times, Defendant was an employer as defined in 42 U.S.C. §2000e(b) in that Defendant is an employer engaged in an industry affecting commerce and has employed more than 15 persons for each work day in each of 20 calendar weeks in the current and preceding calendar year.

23. On or about April 23, 1999, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission. Such charge was timely filed. A copy of the complaint is attached hereto as Exhibit "A".

24. The Equal Employment Opportunity Commission failed to investigate Plaintiff's complaint or determine the existence of reasonable cause within one hundred and eighty (180) days after the filing of the complaint.

25. On or about October 26, 1999, Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission. Plaintiff has fulfilled all conditions for obtaining the Notice of Right to Sue. To date, The Equal Employment Opportunity Commission has failed to provide Plaintiff with the Notice of Right to Sue.

26. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has suffered damages including loss of wages, loss of benefits, mental anguish, emotional distress, stress, anger, anxiety, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, punitive damages, attorney's fees, costs, interest and all other relief this court deems appropriate.

## COUNT II

### Violation of Florida Statute §760.10(1)

27. This count is a claim for damages exceeding $15,000.00 against Defendant, arising out of a violation of Florida Statute §760.10(1).

28. Plaintiff realleges and incorporates herein Paragraphs 1 through 19 of this Complaint.

29. Defendant is an employer who has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

30. On or about April 23, 1999, Plaintiff filed a complaint of employment discrimination with the Florida Commission on Human Relations. Said complaint was timely filed. A copy of the complaint is attached hereto as Exhibit "A".

31. The Florida Commission on Human Relations failed to investigate Plaintiff's complaint or determine the existence of reasonable cause within one hundred and eighty (180) days after the filing of the complaint.

32. On or about October 26, 1999, Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission. Plaintiff has fulfilled all conditions for

obtaining the Notice of Right to Sue. To date, the Equal Employment Opportunity Commission has failed to provide Plaintiff with the Notice of Right to Sue.

33. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered damages including, loss of wages, loss of benefits, mental anguish, emotional distress, stress, anger, anxiety, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, Plaintiff demands damages against Defendant for damages, punitive damages, attorney's fees, costs, and all other relief this court deems appropriate.

## COUNT III

### Violation of Family and Medical Leave Act

34. This count is a claim for damages exceeding $15,000.00 against Defendant, arising out of a violation of 29 U.S.C. § 2615.

35. Plaintiff realleges and incorporates Paragraphs 1 through 19 of this Complaint.

36. At all material times, Defendant was and is an employer as defined in 29 U.S.C. § 2611 in that Defendant is an employer engaged in an industry affecting commerce and has employed more than 50 persons for each work day in each of 20 or more calendar work weeks in the current or preceding calendar year.

37. At the time Plaintiff took leave due to her pregnancy related sickness, Plaintiff had been employed by Defendant for more than twelve (12) months and had worked for more than 1250 hours during the twelve month period immediately before Plaintiff took the leave.

38. From approximately December 28, 1998 through approximately January 11, 1999 Plaintiff suffered from a serious health condition which required continuing treatment by a health care provider.

39. After using her paid sick leave, Plaintiff required and requested additional unpaid leave due to her sickness. The additional leave was for a period of less than twelve (12) weeks.

40. Pursuant to the Family and Medical Leave Act, Plaintiff provided Defendant with certification of her condition from her health care provider.

41. On her return to her work, contrary to 29 U.S.C. § 2614, Plaintiff was demoted, deprived of a bonus provided to other employees, and subsequently terminated.

42. Defendant's actions against Plaintiff were wilful, malicious and in bad faith.

43. As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered damages including lost wages, lost benefits, medical expenses and mental and emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, liquidated damages, attorney's fees, costs, interest, and all other relief this court deems appropriate.

## COUNT IV

### Negligent Retention

44. This count is a claim for damages exceeding $15,000.00 against Defendant, arising out of Defendant's negligent retention of supervisors.

7

45. Plaintiff realleges and incorporates herein Paragraphs 1 through 18 of this Complaint.

46. Due to Plaintiff's status as an employee, Defendant owed Plaintiff a duty of reasonable care with regard to the selection and retention of Plaintiff's supervisors.

47. Defendant breached its duty to Plaintiff when it negligently retained Peter W. Torell as an employee with supervisory authority over Plaintiff and other female employees after having actual and/or constructive knowledge of his harmful actions against certain female employees including Plaintiff.

48. As a result of Defendant's negligence Plaintiff suffered emotional and physical harm, including loss of wages, loss of benefits, mental anguish, emotional distress, stress, anger, anxiety, embarrassment, humiliation, and loss of self esteem.

WHEREFORE, Plaintiff demands damages against Defendant for damages, costs, and all other relief this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

*Victoria E. Moffitt*
Victoria Moffitt

STATE OF FLORIDA
COUNTY OF BREVARD

SUBSCRIBED and SWORN to before me on the 24th day of January, 2000 by Victoria Moffitt, who is personally known to me, or who has produced a Florida Driver's License as identification.
M130865769420

_____
Notary Public
My Commission Expires:

Susan D Fernandez
My Commission CC834182
Expires May 8, 2003


_____
Tom D. Waldron
112 West New Haven Ave.
Melbourne, FL 32901
Tel.: (321) 725-7077
Fla. Bar No.: 0986968
Attorney for Plaintiff

ALLEN & BILLINGTON, P.A.

By: _____
Dianne E. Billington
2000 Hwy. A1A, Second Floor
Indian Harbour Beach, FL 32937
Tel.: (407) 779-1211
Fl. Bar No.: 0764469
Attorney for Plaintiff

9

# FLORIDA COMMISSION ON HUMAN RELATIONS
325 John Knox Road, Suite 240, Building F
Tallahassee, Florida 32399-1570

| CHARGE OF DISCRIMINATION | FCHR No. |
|---|---|

| Name (Indicate Mr., Ms., or Mrs.) Mrs. Victoria E. Moffitt | Telephone No. (area code) |
|---|---|
| Street Address 501 Harrington St., S.W., | Home (407)733-5158 |
| City, State, and Zip Code Palm Bay, Florida 32908 | Work (if possible to call you there) |

List the employer, labor organization, employment agency, apprenticeship committee, government agency, or other person who discriminated against you.

| Name NationAir Insurance Agencies, Inc. | No. of Employees Approx. 50 | Telephone No. (area code) (407)259-4800 |
|---|---|---|
| Street Address 1401 General Aviation Dr., | City, State and Zip Code Melbourne, Florida 32935 | County Brevard |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
__ RACE  __ COLOR  _X_ SEX  __ RELIGION  __ HANDICAP
__ NATIONAL ORIGIN  __ AGE  __ MARITAL STATUS  __ RETALIATION

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE
(month, day, year) 2/15/99

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. PERSONAL HARM
In January 1999, I was demoted, and then on February 15, 1999 I was fired from my job. In addition to suffering pain and humiliation, I have lost wages and also medical benefits, which I need due to my pregnancy.

II. RESPONDENT'S REASON FOR TERMINATION
My supervisor stated that he was terminating me due to my failure to learn "other aspects of the business".

III. DISCRIMINATION STATEMENT
I believe that my employer discriminated against me based upon my sex and my pregnancy, in violation of Title VII, the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992, as amended.

I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 15th DAY OF April, 19 99

Victoria E. Moffitt  4-15-99
SIGNATURE OF COMPLAINANT   DATE

NOTARY PUBLIC
M130-865-76-992-0

Herbert Allen Jr
Expires October 16, 2001


EXHIBIT A